No. 16,016.

HACKER v. CONRAD.

ELECTION.—*Illegal Voter.*—*Contest.*—*Weight of Evidence.*—Where the question involved in a contested election case is one of fact respecting the validity of certain votes cast by persons whose qualifications to vote are assailed, the Supreme Court will not pass upon the weight of the evidence, but will affirm the decision of the lower court.

From the Lake Circuit Court.

*T. J. Wood, E. Crumpacker, M. Wood* and *C. F. Griffin,* for appellant.

*J. H. Kopelke,* for appellee.

OLDS, J.—This is a proceeding brought by the appellant against the appellee in the commissioners' court of Lake county to contest the appellee's election to the office of township trustee of Calumet township in said county. The appellant and appellee were rival candidates for the office of trustee of said Calumet township at the April election, 1890, and the appellee was declared elected.

It is admitted as a fact in the case that appellee received 119 votes and appellant received 115 votes at said election. The contest is upon the grounds that there were illegal votes cast by illegal voters for the appellee more than the number of votes he received in excess of the appellant, and that appellant in fact received a majority of legal votes cast for trustee at such election.

On behalf of the appellee it is contended that the appellant received illegal votes, and that he received a majority of the legal votes cast for trustee, and was rightfully and legally declared elected.

Some important legal questions are discussed by counsel relating to the rights of alien born citizens coming to this State while infants, who have taken no steps towards being naturalized themselves, and whose parents only declared their intention or took out what is commonly called their

first papers, but we do not find it necessary to pass upon the question, for it is this class of voters whose votes appellant contends are illegal, and upon which he bases his contest; and admitting, or conceding, for the purposes of the case, that such votes were illegal, though we do not decide or intimate an opinion upon the question, there were enough votes cast for the appellant which the evidence would warrant the court in finding to be illegal, and which it did so find, to off-set the number of alleged alien voters, or at least a sufficient number to still leave the appellee a majority of the legal votes cast. There were but seven votes cast for the appellee the legality of which were questioned, and the appellee questioned the legality of five votes cast for the appellant. One of the alleged illegal votes cast for the appellee was cast by a for-eign born citizen, but the evidence authorized a finding that he had declared his intention to become a citizen, and that he was a resident and a legal voter of said township.

As to the five alleged illegal votes cast for the appellant, the evidence authorized the court in finding that none of the five persons casting said votes were residents or legal voters of said township and precincts in which they voted. The decision of the case depends upon the sufficiency of the evidence to support the finding of the court. The evidence being sufficient to support the finding as to a sufficient num-ber of the votes challenged to result in leaving the appellee with a majority of the legal votes cast, it is unnecessary to decide the question as to the legality of those challenged on the grounds of foreign birth and coming to this country with their parents during infancy; for if we were to hold their votes illegal, appellee would still have a majority of the legal votes, and if we were to hold them legal it would only result in an increased majority for the appellee.

There is no available error in the record.

Judgment affirmed, with costs.

Filed May 10, 1892.